1
2
3
4
5
6

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

7

JOHN A. GONZALES, et al.,

8
Plaintiff(s),

9
v.

10
LAS VEGAS METROPOLITAN POLICE
DEPARTMENT,  et al.,

11

12
Defendant(s).

Case No. 2:14-CV-1827 JCM (GWF)

ORDER

13
14

Presently before the court is a motion to dismiss filed by defendants Las Vegas

15
Metropolitan Police Department ("LVMPD"), Sheriff Gillespie ("Gillespie"), Seargeant Langgin

16
("Langgin"), and Officer Kaplan ("Kaplan") (collectively "the LVMPD defendants").  (Doc. #

17
23).   Plaintiffs John A. Gonzales ("John") and Terresa Gonzales ("Terresa") (collectively

18
"plaintiffs") filed a response, (doc. # 33), and the LVMPD defendants filed a reply, (doc. # 36).

19
Also before the court is defendant officer Danny Rose's ("Rose") motion to dismiss.  (Doc.

20
# 24).  Plaintiffs filed a response, (doc. # 35), and Rose filed a reply, (doc. # 37).

21
**I.    Background**

22
This is an action brought under 42 U.S.C. § 1983.  On October 19, 2012, Terresa called

23
911 seeking medical assistance for John, her husband, at their residence.  Defendants Rose and

24
Kaplan responded to the call.  When they arrived, John was confused.  He yelled profanities and

25
told the officers to leave, threatening to call the police.  The officers handcuffed John.  Defendant

26
Kaplan then struck John in the face with his closed fist, knocking John to the ground unconscious.

27
(Doc. # 11).

28

**James C. Mahan**
**U.S. District Judge**

1    On September 30, 2014, plaintiffs filed the instant complaint in Nevada state court.  The

2    LVMPD defendants then removed this matter to federal court on the basis of federal question

3    jurisdiction.  (Doc. # 1).  On November 6, 2014, plaintiffs filed an amended complaint.  (Doc. #

4    11).

5        In their amended complaint, plaintiffs assert the following causes of action in their

6    individual capacities: (1) a claim for violations of 42 U.S.C. § 1983; (2) a *Monell* claim against

7    LVMPD; (3) assault; (4) battery; (5) intentional infliction of emotional distress ("IIED"); (6)

8    respondeat superior; (7) negligent hiring, training and/or supervision; and (8) loss of consortium.

9    (Doc. # 11).

10        Defendants then filed the instant motions.

11   **II.    Discussion**

12        On March 6, 2015, Terresa filed a suggestion of death upon the record.  (Doc. # 41).  In

13   this filing, Terresa provides documentation of John's death and states that she is the special

14   administrator of John's estate.  Terresa attaches John's death certificate, providing a date of death

15   of October 28, 2014.  (Doc. # 41).

16        Fourth Amendment rights are personal, and generally cannot be vicariously asserted.

17   *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998).  However,

18   survivors of a deceased individual with a claim under 42 U.S.C. § 1983 may assert that claim on

19   the deceased's behalf if state law authorizes such an action.  *Id.*

20        Nevada law allows only the executor or administrator of an individual's estate the right to

21   bring a survival action on the individual's behalf.  Nev. Rev. Stat. § 41.100.  Courts have dismissed

22   claims under section 1983 where plaintiffs fail to assert allegations in a representative capacity.

23   *See Moreland*, 159 F.3d at 369 (affirming dismissal where appellants failed to allege and produced

24   no evidence of formal appointment as estate representatives); *Rose v. City of Los Angeles*, 814 F.

25   Supp. 878, 881-82 (C.D. Cal. 1993) (dismissing section 1983 claim without prejudice where

26   plaintiff failed to allege that she was personal representative of decedent's estate); *Williams v. N.

27   Las Vegas Det. Ctr.*, No. 2:06-cv-00708-RCJ-PAL, 2007 WL 1288772, at *2 (D. Nev. Apr. 30,

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1   2007) (dismissing wrongful death action with leave to amend to assert claims as executor of estate

2   as required by Nevada Revised Statute § 41.100).

3        The parties filed the amended complaint and present motions to dismiss before John's

4   death.  As a result, these filings do not accurately reflect the facts of the case as it now stands.

5   Terresa has not indicated to the court whether she now intends to pursue any causes of action in

6   the complaint on John's behalf.  In light of these developments, the court finds it appropriate to

7   deny the instant motions to dismiss without prejudice and grant plaintiff Terresa Gonzales leave

8   to amend the complaint in this case.

9   **III.   Conclusion**

10        Accordingly,

11        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the LVMPD defendants'

12   motion for partial dismissal, (doc. # 23), be, and the same hereby is, DENIED without prejudice.

13        IT IS FURTHER ORDERED that defendant Rose's motion to dismiss, (doc. # 24), be, and

14   the same hereby is, DENIED without prejudice.

15        IT IS FURTHER ORDERED that plaintiff Terresa Gonzales shall submit an amended

16   complaint within thirty (30) days from the date of this order.  Failure to do so may result in

17   dismissal of certain claims with prejudice.

18        DATED April 22, 2015.

19

20   _____

21   UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28

James C. Mahan
U.S. District Judge

- 3 -