UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN A. GONZALES, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>Defendant(s). | Case No. 2:14-CV-1827 JCM (GWF)<br><br>ORDER |

Presently before the court is defendants Las Vegas Metropolitan Police Department (hereinafter "LVMPD"), sheriff Douglas Gillespie, sergeant Langgin, officer Rose, and officer Kaplan's (collectively "defendants") motion for partial dismissal of plaintiff's second amended complaint. (Doc. # 51). Plaintiff Terresa Gonzales (hereinafter "plaintiff") filed a response, (doc. # 55), and Las Vegas Metropolitan Police Department filed a reply, (doc. # 56).

Also before the court is defendant officer Danny Rose's motion to dismiss plaintiff's second amended complaint. (Doc. # 53). Plaintiff filed a response, (doc. # 54), and officer Rose filed a reply, (doc. # 57).

**I.   Background**

This is a civil rights case brought under 42 U.S.C. § 1983. On October 19, 2012, John Gonzales, a diabetic and a stroke victim, began acting strangely after he took insulin on an empty stomach. (Doc. # 48 at 3). His wife, Terresa Gonzales, noted his behavior and called 911. (Doc. # 48 at 3).

**James C. Mahan**
**U.S. District Judge**

Officers Rose and Kaplan from the LVMPD responded to the 911 call. (Doc. # 48 at 4). When the officers arrived, Mr. Gonzales was confused, "yelled profanities," and told the officers "to leave or he would call the police." (Doc. # 48 at 4).

The officers decided to take Mr. Gonzales into custody by performing a "Legal 2000," an involuntary emergency admission of an individual to a medical facility for evaluation. (Doc. # 51 at 2 & n.2). Officer Kaplan held Mr. Gonzales's arm, and officers Rose and Kaplan handcuffed him. (Doc. # 48 at 4). Officer Kaplan "struck" Mr. Gonzales in the face with his closed fist, causing him to lose consciousness and fall to the ground while in handcuffs. (Doc. # 48 at 4).

Since the incident occurred, Mr. Gonzales died of causes unrelated to the conduct at issue in this litigation. (Doc. # 41; Doc. # 51 at 4). His widow brings claims in his name as special administratrix of his estate. (Doc. # 48 at 2).

Plaintiff asserts the following claims: 1) use of excessive force in violation of the Fourth Amendment and section 1983 against sergeant Langgin, officer Rose, and officer Kaplan; 2) a *Monell* municipal liability claim against LVMPD and sheriff Douglas Gillespie; 3) an assault claim against officer Kaplan and LVMPD; 4) a battery claim against officer Kaplan and LVMPD; 5) an intentional infliction of emotional distress (hereinafter "IIED") claim against officer Kaplan and LVMPD; 6) a negligence claim against officer Kaplan and LVMPD; 7) a negligent hiring claim against LVMPD and sheriff Gillespie; and 8) a loss of consortium claim on behalf of Terresa Gonzales against all defendants.

LVMPD, sheriff Gillespie, and sergeant Langgin move to dismiss plaintiff's first, second, and seventh claims against them. Sheriff Gillespie and sergeant Langgin ask the court to dismiss them from the lawsuit. Officer Rose, whom plaintiff names in her first and eighth claims, also moves for his complete dismissal from the lawsuit.[1]

## II.   Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and

---

[1] Officer Kaplan does not move to dismiss any of plaintiff's claims against him. Accordingly, the court will not analyze any of plaintiff's claims against officer Kaplan.

James C. Mahan
U.S. District Judge

- 2 -

1  plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949.

Where the complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief." *Id*. (internal quotations and alterations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

**James C. Mahan**
**U.S. District Judge**

**III.     Discussion**

*A.  42 U.S.C. § 1983 for excessive force*

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

*a.  Qualified immunity*

Qualified immunity "balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly, and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). It protects government officials performing discretionary functions from liability for civil damages as long as their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "The principles of qualified immunity shield an officer from personal liability when an officer reasonably believes that his or her conduct complies with the law." *Pearson*, 555 U.S. at 244.

Deciding whether an officer is entitled to qualified immunity is a two-step inquiry. First, the court assesses whether the plaintiff has alleged or shown a violation of a constitutional right. Second, the court decides whether the right at issue was clearly established at the time of the defendant's alleged misconduct. *Pearson*, 555 U.S. at 232. The Supreme Court has instructed that district judges may use their discretion in deciding which qualified immunity prong to address first based on the circumstances of the case at issue. *See id.* at 236.

"The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Saucier v. Katz*, 533 U.S. 194, 202 (2001). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether

it would be clear to a reasonable offic[ial] that his conduct was unlawful in the situation he confronted." *Id.; see also Stanton v. Sims*, 134 S.Ct. 3, 7 (2013).

Further, the Supreme Court has repeatedly held that such "clearly established" rights should not be defined "at a high level of generality." *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2083 (2011); *Wilson v. Layne*, 526 U.S. 603, 614-16 (1999) (rejecting argument that any violation of the Fourth Amendment is "clearly established" and requiring analysis in context of particular facts); *Anderson v. Creighton*, 483 U.S. 635, 639-40 (1987).

### i. Sergeant Langgin

Defendants argue that the court should dismiss the allegations against sergeant Langgin because he acted in his official capacity, and plaintiff's claim against Langgin is duplicative of her claim against LVMPD. Defendants also argue that Langgin is not individually liable because he had no personal involvement in the alleged wrongs.

Langgin is a police sergeant with LVMPD. Plaintiff does not allege that Langgin committed any acts that relate to the October 19, 2012, incident. Only one paragraph of the "Facts" section of plaintiff's complaint alleges any wrongdoing against Langgin: that his "conduct" was "done within the course and scope of his employment as an employee and/or agent of" LVMPD. (Doc. # 48 at 4).

Plaintiff cannot pursue official claims against both sergeant Langgin as an individual and against LVMPD as a municipal entity. Plaintiff fails to allege any individual wrongdoing on Langgin's part. Plaintiff names sergeant Langgin as a municipal officer and LVMPD as a local government entity in her complaint. Therefore, the court will dismiss Langgin as a redundant defendant because plaintiff refers to him in an official capacity only. *See Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cty. Sheriff Dep't.*, 533 F.3d 780, 799 (9th Cir. 2008). Based on the foregoing, the court will dismiss plaintiff's section 1983 claim against sergeant Langgin.

### ii. Officer Rose

Plaintiff also names officer Danny Rose in her complaint's section 1983 claim. (Doc. # 48). Officer Rose moves to dismiss this claim on the basis of qualified immunity. (Doc. # 54).

James C. Mahan
U.S. District Judge

- 5 -

Here, plaintiff has not shown any specific facts stating that officer Rose's actions led to the violation of her husband's constitutional rights. Plaintiff alleges that officer Rose was present while officer Rose handcuffed her husband during his "Legal 2000," but she does not specifically allege that officer Rose used any force or engaged in any misconduct toward her husband. (Doc. # 48 at 3-4).

Plaintiff states in her response to officer Rose's motion that "conflicting evidence in [her] possession and evidence in . . . [defendant's] possession indicate Rose [sic] actions . . . contributed to the violation of [plaintiff's] civil rights." (Doc. # 54 at 5). However, plaintiff never states what this evidence is. Such an accusation, even if taken as true, is too vague to survive Rule 12(b)(6)'s motion to dismiss standard. Fed. R. Civ. P. 12(b)(6). Plaintiff has failed to allege that any of officer Rose's actions amounted to a violation of Mr. Gonzales's constitutional rights. Therefore, officer Rose is also immune from plaintiff's section 1983 claim, and the court will dismiss that claim against him.

### B. Monell claims

"A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (*citing* Monell v. Dept. of Soc. Servs. of the City of New York, 436 U.S. 658, 694 (1978)). Courts refer to claims that hold municipal entities to be liable for using policies or customs to promote the violation of a person's constitutional rights as *Monell* claims.

> In order to establish liability for governmental entities under *Monell*, a plaintiff must prove '(1) that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation.'

Dougherty, 654 F.3d at 900 (*quoting* Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997)).

**James C. Mahan**
**U.S. District Judge**

- 6 -

Failure to train may amount to a policy of "deliberate indifference," if the need to train was obvious and the failure to do so made a violation of constitutional rights likely. *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). Similarly, a failure to supervise that is "sufficiently inadequate" may amount to "deliberate indifference." *Davis v. City of Ellensburg*, 869 F.2d 1230, 1234 (9th Cir. 1989). Mere negligence in training or supervision, however, does not give rise to a *Monell* claim. *Id.*

Specifically, plaintiff alleges that officer Kaplan struck her husband in the face when the arresting LVMPD officers handcuffed him, violating his constitutional right to be free from excessive force. (Doc. # 48 at 4). Further, plaintiff alleges that LVMPD's failure to adequately train its officers amounted to a *de facto* policy that allowed officers to violate Mr. Gonzales's rights. (Doc. # 48 at 5). Plaintiff sufficiently alleges the first two elements of a *Monell* claim in her second amended complaint.

However, plaintiff fails to satisfy the third and fourth elements of a *Monell* claim; that LVMPD's policies promoted excessive force or that those policies were the moving force behind plaintiff's alleged constitutional violation. Plaintiff cannot merely allege that police officers violated her husband's constitutional rights while they acted within the scope of their employment as police officers. Instead, a plaintiff must allege that the "color of some official policy" must cause the police officer to "violate another's constitutional rights." *Monell*, 436 U.S. at 692.

As a result, plaintiff has not stated a claim against LVMPD upon which relief could be granted. Accordingly, the court will dismiss plaintiff's *Monell* claim in its entirety.

C. State law claims

a. *Negligent hiring*

In most cases, Nevada waives its state immunity under Nevada Revised Statute ("NRS") § 41.031. However, the state's waiver of immunity is not absolute, and it has retained a "discretionary-function" immunity for officials exercising policy-related or discretionary acts. *See* Nev. Rev. Stat. § 41.032.

In 2007, the Nevada Supreme Court adopted the United States Supreme Court's *Berkovitz-Gaubert* two-part test regarding discretionary immunity. *See Martinez v. Maruszczak*, 123 Nev.

433, (2007). Under Nevada law and under the *Berkovitz-Gaubert* test, state actors are entitled to discretionary function immunity under NRS § 41.032 if their decision "(1) involve[s] an element of individual judgment or choice and (2) [is] based on considerations of social, economic, or political policy." *Id.* at 446-47.

Nevada looks to federal decisional law on the Federal Tort Claims Act for guidance on what type of conduct discretionary-function immunity should protect. *Id.* at 444. The Ninth Circuit has held that "decisions relating to the hiring, training, and supervision of employees usually involve policy judgments of the type Congress intended the discretionary-function exception to shield." *Vickers v. United States*, 228 F.3d 944, 950 (9th Cir. 2000).

Federal courts applying the *Berkovitz-Gaubert* test "must assess cases on their facts, keeping in mind Congress's purpose in enacting the exception: 'to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.' " *Id.* at 446 (quoting *Varig Airlines*, 467 U.S. at 814).

Plaintiff alleges that LVMPD and sheriff Gillespie negligently hired the police officers who violated Mr. Gonzales's constitutional rights. Defendants maintain that LVMPD and Gillespie are protected from this claim on sovereign immunity grounds, and that Gillespie's hiring practices are discretionary functions. (Doc. # 51 at 13).

While police departments must routinely hire new officers, selecting which officers to hire or not hire "involves an element of judgment or choice." *Berkovitz v. United States*, 486 U.S. 531, 536 (1988). Therefore, LVMPD's decision to hire one officer over another is a discretionary function. Based on the foregoing, the court finds that LVMPD and Gillespie are both immune from plaintiff's negligent hiring claim. The court will therefore dismiss this claim in its entirety.

   *b. Loss of consortium*

Plaintiff Terresa Gonzales seeks recovery from each of the defendants on a loss of consortium theory. Officer Rose, the only defendant to mention these claims directly in his motion,

**James C. Mahan**
**U.S. District Judge**

- 8 -

1  argues that plaintiff cannot state a loss of consortium claim because her late husband has no valid
2  underlying cause of action against him.

3      A loss of consortium claim that is dependent on a spouse's personal injury claim is a
4  derivative claim and can only exist if the directly injured spouse can establish the elements of the
5  underlying cause of action. *See Turner v. Mandalay Sports Entm't*, *LLC*, 124 Nev. 213, 221 (2008).
6  Mr. Gonzales's claims fail against defendants Gillespie, Langgin, and Rose for the reasons stated
7  above.  Plaintiff Terresa Gonzales's loss of consortium claim therefore fails against every
8  defendant except for officer Kaplan as a matter of law.  Accordingly, the court will dismiss
9  plaintiff's loss of consortium claims against sheriff Gillespie, sergeant Langgin, and officer Rose.
10 The court dismisses sheriff Gillespie, sergeant Langgin, and officer Rose from the lawsuit, as no
11 claims remain against them.

12 **IV.    Conclusion**

13     Accordingly,

14     IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Las Vegas
15 Metropolitan Police Department's motion for partial dismissal (doc. # 51) is GRANTED.
16 Plaintiff's second and seventh claims are hereby DISMISSED.

17     IT IS FURTHER ORDERED that sheriff Douglas Gillespie and sergeant Langgin are
18 hereby DISMISSED from the case.

19     IT IS FURTHER ORDERED that defendant officer Danny Rose's motion to dismiss (doc.
20 # 53 ) is GRANTED.  Defendant officer Danny Rose is hereby DISMISSED from the case.

21     DATED July 20, 2015.

                                                                           _/s/ James C. Mahan_
                                                                           UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**